UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDWIN SEVRENCE,

Petitioner,

v.

PERRY RUSSELL, *et al.,*

Respondents.

Case No. 3:20-cv-00336-MMD-WGC

ORDER

**I.  SUMMARY**

This is a federal habeas proceeding under 28 U.S.C. § 2254 in which Petitioner Edwin Sevrence challenges his Nevada state convictions for sexual assault on a child and lewdness with a child under the age of 14. On November 13, 2020, Respondents filed a motion to dismiss Sevrence's habeas petition arguing that two of the petition's three claims are moot and unexhausted and the third is not cognizable in a federal habeas proceeding. (ECF No. 12 ("Motion").) Despite having over five months to respond, Sevrence has not filed an opposition to the Motion. Finding Respondents' arguments meritorious, the Court will grant the Motion.

**II.  BACKGROUND**

In 2005, Sevrence was convicted of one count of lewdness with a child under the age of 14 and one count of sexual assault on a child. (ECF No. 14-10.) He appealed his conviction and the Nevada Supreme Court reversed Sevrence's conviction and remanded it for a new trial due to a juror issue. (ECF No. 15-17.)

After a retrial in 2009, Sevrence was again convicted of lewdness with a child under the age of 14 and sexual assault on a child. (ECF No. 25-10.) He was sentenced consecutive life sentences with parole eligibility after 20 years on the sexual assault count and 10 years on the lewdness count. (*Id.*) On appeal, the Nevada Supreme Court affirmed his judgment of conviction. (ECF No. 27-5.) Remittitur issued on June 6, 2011. (ECF No. 27-7.)

On May 4, 2012, Sevrence filed a state habeas petition. (ECF No. 28-12.) After going through several post-conviction counsel, he eventually proceeded *pro se*. (ECF No. 40-14 at 2-3.) The state district court denied his state habeas petition. (ECF No. 40-2.) On appeal, the Nevada Supreme Court affirmed the denial of his petition. (ECF No. 40-14.) Remittitur issued on March 2, 2020. (ECF No. 40-15.)

On June 8, 2020, this Court received Sevrence's federal petition seeking relief under 28 U.S.C. § 2254. (ECF No. 1.) After Sevrence paid the filing fee, the Court ordered the Clerk to file the petition on January 24, 2020. (ECF No. 5.)

## II.  DISCUSSION

### A. Mootness

Respondents argue Ground 1 and Ground 2 are moot because Sevrence is in custody under the second judgment of conviction but both grounds are premised on the conduct of trial counsel in his first trial, who was not involved in the second trial.

The Court agrees that Ground 2 is based entirely on the alleged shortcomings of counsel in his first trial. (ECF No. 6 at 5.) In the absence of any response from Sevrence demonstrating otherwise, Ground 2 is dismissed as moot. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.")

Ground 1, however, does contain an allegation that Sevrence's counsel for his second trial provided ineffective assistance by not petitioning the state trial court for a

psychological exam of the alleged victim. (ECF No. 6 at 3.) Thus, the ground is not moot to the extent it relies upon that allegation.

## B. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. Cal. Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir.1994).

Respondents argue Ground 1 is unexhausted because the ineffective assistance of counsel claim he presented to the Nevada courts was based on different factual allegations than those presented to this Court. Specifically, Respondents note that Sevrence raised a claim that counsel was ineffective for failing to have an investigator interview the victim, but never presented a claim based on counsel's alleged failure to seek a court order for a psychological exam.

The state court record before the Court supports Respondents' argument –it does not appear Sevrence fairly presented Ground 2 to the Nevada courts. And, again, Sevrence has filed no response demonstrating otherwise. Thus, Ground 2 is dismissed.[1]

## C. Cognizability

Respondents argue that Ground 3 is not cognizable as a federal habeas claim because it presents a state law issue. Violations of state law are not addressable in federal habeas corpus. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

---

[1]Because Nevada's procedural rules regarding timeliness (NRS § 34.726) and successive petitions (NRS § 34.810) would now bar Ground 2, the claim is technically exhausted but procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81 92-93 (2006).

In Ground 3, Sevrence alleges irregularities with respect to the charging document filed in his case captioned as an "information superseding indictment." (ECF No. 6 at 7.) This document was filed by the State on July 15, 2009, during Sevrence's second trial, without objection from defense counsel. (ECF Nos. 19-1 at 65-66; 40-12). It was apparently done to re-number the charges contained in the original indictment entered before Sevrence's first judgment of conviction was reversed. (*Id.*)

Sevrence alleges in Ground 3 that Nevada law does not countenance such a charging document. He contends that the reversal of his first judgment conviction required the State to take the case back to the grand jury.

Respondents correctly argue that a habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). In addition, an "[i]ndictment by grand jury is not part of the due process guarantees of the Fourteenth Amendment that apply to state criminal defendants." *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993). Because it does not advance a cognizable basis for federal habeas relief, Ground 3 is dismissed.

### III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 12) is granted. This petition is dismissed for the reasons discussed above.

The Clerk of Court is directed to enter judgment accordingly and close this case.

It is further ordered that a certificate of appealability is denied as reasonable jurists would not find dismissal for the reasons cited to be debatable or wrong.

DATED THIS 28th Day of April 2021.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE